IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHALONCA HENDRIX
o/b/o S.F.H.,

                    Plaintiff,

        v.                                    1:12-cv-2086-WSD

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                    Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge E. Clayton Scofield III's

Final Report and Recommendation [15] ("R&R") reviewing the decision of the

Commissioner of Social Security ("Commissioner") denying a claim for

supplemental security income.

## I.      BACKGROUND

        A.     Procedural History

On April 2, 2008, Plaintiff Shalonca Hendrix ("Plaintiff") filed, on behalf of

her minor daughter S.F.H. ("Claimant"), an application with the Social Security

Administration ("SSA") for supplemental security income disability benefits (the

"Benefits Application").  SSA initially denied the Benefits Application.  On

February 25, 2011, a hearing on the Benefits Application was conducted before an SSA Administrative Law Judge ("ALJ"). On March 18, 2011, the ALJ issued a written decision finding Claimant not disabled and denying the Benefits Application. On April 25, 2012, the SSA Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner.

On June 19, 2012, Plaintiff filed this action seeking review of the Commissioner's decision under 42 U.S.C. § 405(g). Plaintiff asserts that the ALJ erred in concluding that Claimant's impairments do not "functionally equal" an impairment in the SSA's Listing of Impairments, 29 C.F.R. pt. 404, subpt. P app. 1 (a "Listed Impairment"), and that the ALJ applied incorrect legal standards in evaluating the credibility of Claimant's mother's testimony.

On May 15, 2012, Magistrate Judge Scofield issued his R&R recommending that the Commissioner's decision be reversed and that the matter be remanded to the Commissioner to reconsider whether Claimant's limitations are "functionally equal" to a Listed Impairment and to reconsider his determination of the credibility of Claimant's mother's testimony.

Neither party objected to the R&R.

B.    Facts[1]

Claimant, born September 10, 1998, was nine years old at the time her Benefits Application was filed and twelve years old at the time of the hearing before the ALJ.  She has been diagnosed with arthritis, a speech and language processing disorder, and attention deficit hyperactivity disorder ("ADHD").

In evaluating whether Claimant's conditions entitle her to Social Security benefits, the ALJ received evidence of Claimant's pain levels, physical limitations, and academic progress.  The record before the ALJ included school and testing records, reports by Claimant's physicians, psychologist Thomas K. Pedigo ("Dr. Pedigo"), and teachers, and testimony by Claimant's mother.

In his decision, the ALJ gave "relatively" little weight to the opinions of Dr. Pedigo because, according to the ALJ, Dr. Pedigo relied "heavily" and "uncritically" on information provided by Claimant's mother and Dr. Pedigo's conclusions were not supported by Claimant's teachers' reports or his own examination reports.  The ALJ ultimately concluded that Claimant is not disabled because she does not have "marked limitations" in at least two "domains" of daily

---

[1] Neither party identifies any errors or omissions of fact, and, in the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Having reviewed the R&R's statement of facts and finding no plain error in them, the Court adopts the facts as set out in the R&R and only briefly summarizes them here.

3

life.  The ALJ did not accord Claimant's mother's testimony credibility because of

his conclusion that her testimony conflicted with certain evidence in the record.

## II.   DISCUSSION

    A.   <u>Legal Standards</u>

        1.   *Review of a Magistrate Judge's Report and Recommendation*

After conducting a careful and complete review of the findings and

recommendations, a district judge may accept, reject, or modify a magistrate

judge's report and recommendation.  28 U.S.C. § 636(b)(1); <u>Williams v.</u>

<u>Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge

"shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made."  28 U.S.C. §

636(b)(1).  If no party has objected to the report and recommendation, a court

conducts only a plain error review of the record.  <u>United States v. Slay</u>, 714 F.2d

1093, 1095 (11th Cir. 1983) (per curiam).  In this case, neither party objected to the

R&R, and the Court reviews the Magistrate Judge's findings and recommendations

for plain error.

        2.   *Review of a Decision of the Commissioner of Social Security*

An individual whose application for benefits to the Social Security

Administration is denied in a final decision of the Commissioner may seek judicial

review of the denial in a district court.  42 U.S.C. § 405(g) (2006).  The court

reviews a Commissioner's decision with deference to the factual findings and close

scrutiny of the legal conclusions.  <u>Keeton v. Dept. of Health & Human Servs.</u>, 21

F.3d 1064, 1066 (11th Cir. 1994) (citing <u>Cornelius v. Sullivan</u>, 936 F.2d 1143,

1145 (11th Cir. 1991), and <u>Martin v. Sullivan</u>, 894 F.2d 1520, 1529 (11th Cir.

1990)).  The Commissioner's factual findings are conclusive if supported by

"substantial evidence" consisting of "relevant evidence as a reasonable person

would accept as adequate to support a conclusion."  <u>Id.</u>  The Commissioner's

conclusions of law are not presumed valid, and the Commissioner's failure to

apply the correct law or to provide the reviewing court with sufficient reasoning

for determining that the proper legal analysis has been conducted requires reversal.

<u>Id.</u>

     B.    <u>Analysis</u>

A child is eligible for Social Security disability benefits if, among other

things, the child has impairments that "meet, medically equal, or functionally

equal" a Listed Impairment shown in 20 C.F.R. Part 404, Subpart P, Appendix 1.

<u>See</u> 20 C.F.R. § 416.924(d).  An impairment "functionally equals" a Listed

Impairment if the child has "marked" limitations in two, or an "extreme" limitation

in one, of the following "domains":

(i)     Acquiring and using information;
(ii)    Attending and completing tasks;
(iii)   Interacting and relating with others;
(iv)    Moving about and manipulating objects;
(v)     Caring for [one]self; and,
(vi)    Health and physical well-being.

Id. § 416.926a(b)(1), (d).

Plaintiff here alleges that her daughter has marked limitations in acquiring and using information, attending and completing tasks, and moving about and manipulating objects.  The Magistrate Judge concluded that the ALJ's reasons for finding that Claimant does not have marked limitations in these domains are required to be remanded for review.

First, the Magistrate Judge found that the ALJ failed to resolve conflicts in the record which may have resulted in the ALJ giving less weight to the opinions of Claimant's psychologist Dr. Pedigo than had the conflicts been resolved.  The Magistrate Judge specifically found that the record contains evidence that (i) Dr. Pedigo formed opinions not wholly dependent on Claimant's mother's statements; (ii) Dr. Pedigo's examination reports support his opinions of marked limitations; and (iii) Dr. Pedigo's opinions are not contradicted by all of Claimant's teachers. The Court does not find plain error in the Magistrate Judge's findings or his recommendation that this matter be remanded for the ALJ to reconsider Dr. Pedigo's opinions.  See Phillips v. Barnhart, 357 F.3d 1232, 1240–41 (11th Cir.

2004) (holding that a treating doctor's opinion "must be given substantial or considerable weight" unless the opinion is not bolstered by the evidence, evidence supports a contrary finding, or the opinion is inconsistent with the doctor's own records).

The Magistrate Judge next found that the ALJ failed to consider Claimant's condition as a whole in concluding that Claimant lacks marked limitations in acquiring and using information, attending and completing tasks, and moving about and manipulating objects.  The Magistrate Judge found, for example, that the ALJ considered certain evidence, including that Claimant passed all but one subject on state standardized testing in 2008 and that Claimant played soccer, but ignored contradictory evidence, including that Claimant failed two out of three subjects on testing in 2009 and 2010 and that Claimant played soccer in a program modified for children with cerebral palsy, arthritis, and autism.  The Magistrate Judge recommends that this matter be remanded so that the Commissioner may reevaluate Claimant's limitations in light of the whole record.  The Court does not find plain error in these findings and recommendations.  See, e.g., Thomas v. Comm'r of Soc. Sec., 497 F. App'x 916, 918–19 (11th Cir. 2012) (explaining that an ALJ must "discuss enough evidence to demonstrate that she considered Claimant's condition as a whole").

The Magistrate Judge next found that the ALJ improperly concluded that Claimant's mother lacked credibility because Claimant's mother's testimony regarding her daughter's limitations is consistent with the evidence overlooked by the ALJ.  The Magistrate Judge recommends that this matter be remanded so that the Commissioner may reevaluate Claimant's mother's credibility in light of the whole record.  The Court does not find plain error in these findings and recommendations.  See Preston v. Barnhart, 187 F. App'x 940, 941 (11th Cir. 2006) (explaining that, to discredit a claimant's testimony regarding his condition, an ALJ "must articulate explicit and adequate reasons, and this articulation must be supported by substantial evidence").

## III.    CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge E. Clayton Scofield III's Final Report and Recommendation [15] is **ADOPTED**.  The Commissioner's final decision denying Claimant's Benefits Application is **REVERSED**, and this action is **REMANDED** to the Commissioner for further consideration of Plaintiff's claims consistent with this opinion and the Final Report and Recommendation.

**SO ORDERED** this 3rd day of September, 2013.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE